UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0066-TWP-MJD |
| | ) | |
| TEROLIVER WARREN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On November 15, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 6, 2021. Defendant Warren appeared in person with his appointed counsel Michael Donahoe. The government appeared by Kyle Sawa, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer James Thomas.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Warren of his rights and provided him with a copy of the petition. Defendant Warren orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Warren admitted violation numbers 1, 2, 3, 4, and 5. [Docket No. 66.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |

As previously reported to the Court, on July 19, July 26, and September 20, 2021, Mr. Warren rendered urine samples that tested positive for amphetamines.

Also, as previously reported to the Court, on August 25, 2021, the offender rendered a urine sample that tested positive for cocaine and amphetamines.

| | |
|---|---|
| 2 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |

On September 20, 2021, this officer met with Mr. Warren to address noncompliance. He was directed to report by telephone to this officer every Friday. However, he has failed to make any contact with this officer since that meeting.

On October 4, 2021, this officer was told by Mr. Warren's family they had contact with him over the weekend and told him to make contact with this officer about his placement at the residential reentry center (RRC). They indicated he expressed he did not intend to report or contact this officer. As of this writing, Mr. Warren has yet to communicate with this officer.

| | |
|---|---|
| 3 | **"You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the faclity."** |

On September 29, 2021, Mr. Warren was approved for placement at the residential reentry center with a report date of September 30, 2021. He was advised by his family of the placement and to contact this officer. As noted above, Mr. Warren indicated he did not intend to communicate with this officer or report to the RRC as directed.

| | |
|---|---|
| 4 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment ."** |

>On September 30, 2021, this officer attempted to locate Mr. Warren at his address of record, as well as a secondary location he was known to frequent, to no avail. Additionally, this officer spoke with family members who said they were looking for him also, and had not seen him in days. On October 4, 2021, Mr. Warren's family indicated he had no intentions of reporting to see this officer and they did not know where he was located. Therefore, as of this writing, Mr. Warren's whereabouts are unknown.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of fourteen (14) months with no supervised release to follow. Defendant requested placement at FCI Elkton.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of fourteen (14) months with no supervised release to follow/with supervised release to follow. The Magistrate Judge will recommend placement at FCI Elkton. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 11/15/2021

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system